STATE *ex rel.* POTTER, Atty. Gen., *v.* WELCH, Sheriff.

[98 So. 851. No. 23933.]

(Division B. Jan. 28, 1924. Suggestion of Error Overruled Feb. 25, 1924.)

TAXATION. *Tax collector without authority to retain commissions in excess of those expressly allowed by statute.*

Section 2, chapter 160, Laws 1922, amending section 2196, Code 1906 (section 1880, Hemingway's Code), is not modified or affected by section 2206, Code 1906 (section 1891, Hemingway's Code), if the same be in force, as said section had no application to section, 2196, Code 1906, before amendment, the said section having its own specific provision in reference to counties having two judicial districts; and, as public officers are only entitled to fees allowed by law, the tax collector had no right to retain more than allowed for that service by section 2, chapter 160, Laws 1922.

APPEAL from chancery court of Jones county.

HON. G. C. TANN, Chancellor.

Suit by the state, on the relation of Clayton D. Potter, attorney-general, against W. E. Welch, sheriff and tax collector, Jones county. From a judgment for defendant, plaintiff appeals. Reversed and judgment rendered.

*H. T. Odom,* Assistant Attorney-General, for appellants.

This is an appeal from a final decree of the chancery court of the second judicial district of Jones county dismissing a bill of complaint of the state of Mississippi, and Jones county, on the relation of the attorney-general, wherein it was alleged that W. E. Welch, tax collector of Jones county, wrongfully and unlawfully retained as his commission for collecting state and county taxes in said county, sixteen hundred dollars in excess of the compensation fixed and allowed him by law, by treating each judicial district as a separate county.

The appellants contend that the commission of all tax collectors is absolutely fixed and limited by the sliding scale set out in the provisions of section 2, chapter 160 of the Laws of 1922, and that tax collectors should be governed thereby, regardless of whether or not the county is composed of two judicial districts.

The appellee, on the other hand, defends on the ground that section 2205 of the Code of 1906, same being section 1891 of Hemingway's Code, is his authority for his retaining the sixteen hundred dollars in controversy. I shall endeavor to show that the defense is without merit and that the foregoing statute does not apply.

The statute relied on by appellee, tax collector, was first enacted by the adoption of the Code of 1892, and appears in said Code as section 2027-a thereof, being brought forward in the subsequent Codes without change, as section 2206 of the Code of 1906, and section 1891, Hemingway's Code.

Our court construed the foregoing section to apply to county auditors in the case of *State* v. *Brame,* 112 Miss. 665, 73 So. 721. I shall not here question the correctness of the foregoing decision for the reason that in my judgment it has no application or bearing on the case at bar as to the proper compensation of tax collectors. It becomes evident that the foregoing statute could not, and never has applied to tax collectors when we note that in adopting the Code of 1892 the legislature simultaneously

provided in a separate section for extra compensation of tax collectors in counties having two judicial districts. Section 2020 of the Code of 1892.

In the face of the foregoing statute especially providing for the extra compensation of tax collectors in counties having two judicial districts, it would have been indeed presumptuous to have argued that resort could have been had either to section 2206 of the Code of 1906, or the *Brame case, supra,* in order to determine how tax collector's commissions in counties having two judicial districts should have been computed, because to have proceeded in such a manner would have been a direct violation of section 2020, Code 1892, and section 2196, Code 1906, which expressly provided how the calculations must be made to determine the compensation for tax collectors in counties having two judicial districts.

This being true, we are committed to the proposition that prior to the amendment of section 2196 of the Code of 1906 by our legislature in 1922, neither section 2206 of the Code of 1906 nor the *Brame case, supra,* had any connection whatever with, or offered any aid in determining the compensation of tax collectors in counties having two judicial districts, because, as above stated, in plain and unmistakable terms the legislature had prescribed the rule for computing same in section 2196 of the Code of 1906, which alone controlled.

Section 2196 of the Code of 1906 was expressly amended by our legislature in 1922, as will be seen by reference to section 2 of chapter 160 of the Laws of 1922. Having seen conclusively that prior to the amendment of section 2196 of the Code of 1906, as shown above, that section 2206 of the Code of 1906, providing for extra compensation for certain officers in counties having two judicial districts does not apply to tax collectors, we must next determine the effect of the amendment of section 2196 of the Code of 1906 by section 2 of chapter 160 of the Laws of 1922, which was in force when the tax collections involved herein were made.

The first observation of the amendment when compared with the original section is that the old provision in section 2196 of the Code of 1906 as to extra compensation for tax collectors in counties having two judicial districts was entirely omitted from the amendment. This fact lends aid in ascertaining the intent and purpose of the legislature in changing the statute with reference to extra compensation of tax collectors in counties having two judicial districts, and in my judgment is a solution to the following pertinent inquiry: Why did the legislature exclude from the amendment a provision for extra compensation theretofore expressly allowed to tax collectors in counties having two judicial districts?

It seems to me that the purpose of the legislature is apparent; that is to say in revising the statute the legislature concluded that the compensation of tax collectors in counties having two judicial districts would be ample without providing additional compensation. It is apparent that the legislature intended section 2, chapter 160, Laws of 1922, as a complete and full schedule of fees allowed to tax collectors. This is seen from section 3 thereof.

In conclusion I desire to call the court's attention to the rule requiring a strict construction of statutes involving fees and compensation of officers. Sutherland on Statutory Construction, section 714.

*Deavours & Hilbun,* for appellee.

At the time of the enactment of section 2, chapter 160 of the Laws of 1922 the supreme court of the state of Mississippi had construed section 2206 of the Code of 1906, section 1891 of Hemingway's Code, and had held in *Johnson, State Revenue Agent,* v. *Brame,* 112 Miss. 665, 73 So. 721, that under said section:—"We are clearly of the opinion that it was the legislative intent that section 2206 should apply to all county officers in the allowance of

compensation for their services in counties composed of two judicial districts.''

So when the legislature had before it for consideration and passage said section 2, in chapter 160 of the Laws of Mississippi of 1922, it knew, or must be presumed to have known that section 2206 of the Code, as construed by the court in *Johnson, State Revenue Agent,* v. *Brame,* was still in full force and effect. Section 333, Sutherland on Statutory Construction.

Following out this rule the legislature, at the time it had under consideration, the passage of section 2, chapter 160 of the Laws of 1922, had before it and understood fully the effect of the provision of said section 2206, as construed by this court in *Johnson, State Revenue Agent,* v. *Brame.*

It is true that in section 2 of chapter 160 of the Laws of 1922, there is no specific reference to commissions to be allowed tax collectors for making collections in counties having two judicial districts. There was absolutely no need for such reference or such provision. There was already a law in full force, section 2206 of the Code, that took care of counties having two judicial districts. So it is manifest that no reference is needed in this latest enactment as to the compensation to be received by tax collectors in double district counties for the most obvious reason that there was already such a statute to take care of such a situation.

Appellant bases his whole argument, as we understand it, on the theory that because the legislature had in some instances heretofore made specific provisions in its enactments for compensation for tax collectors in counties having two judicial districts, and omitted to make such provision specifically in section 2 of chapter 160 of the Laws of 1922, that it was the legislative intent that the tax collectors in double district counties, where the labor and expense is double, were to receive no more for their services than in the other counties.

Following the rule of construction, and taking all the statutes relating to this matter as a whole, there is no trouble to ascertain the legislative intent—section 2, chapter 160 of the Laws of 1922, provides for the compensation of tax collectors in counties of the state generally; section 2206 of the Code provides for their compensation in counties having two judicial districts. 25 R. C. L., section 258, page 1022.

Does it not comport with reason and justice to indulge in the presumption that if the legislature had intended to depart from its heretofore just and righteous course in allowing extra compensation for extra services, in such cases as this, it would, in its latest enactment, have so expressly stated? We must presume that, at the time of the enactment of this latest statute, the legislature had before it, and understood the significance of all the statutes relating to this matter, and the construction thereof by the courts. If it had intended that any other rule should prevail, it was its duty to have so expressly declared then and there.

We submit that appellants' construction is strained and technical and not in harmony with the manifest intent of the legislature. It seems to us that the opinion of the court in *Johnson, Revenue Agent,* v. *Brame,* is absolutely conclusive of the whole matter.

Argued orally by *H. T. Odom,* Assistant Attorney-General, for appellants, and *Henry Hilbun,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The state, on the relation of the attorney-general, brought suit against W. E. Welch, sheriff of Jones county, for one thousand six hundred dollars, retained by Welch as his commissions for collecting taxes under the theory that he was entitled to retain the commissions allowed by chapter 160, Laws of 1922, in each of the ju-

dicial districts of his county, Jones county being divided
into two circuit and chancery court districts. It is con-
tended that chapter 160, Laws of 1922, restores the fees
and allowances to the officers named in the title and in
section 1 of the act as such fees existed prior to the enact-
ment of the salary law, chapter 102, Laws of 1916, and
that under section 2206, Code of 1906 (Hemingway's
Code, section 1891), the board of supervisors had power to
order and did order that the sheriff be allowed the fees in
each district as though such district were a separate coun-
ty. It is the contention of the appellant that section 1891,
Hemingway's Code, has no application to the commissions
of tax collectors, because section 2, chapter 160, Laws of
1922, specifically fixed the amounts of compensation the
sheriff should receive for collecting taxes, and that the
section existing prior to the enactment of the salary law
of 1916, section 2196, Code of 1906 (section 1880, Hem-
ingway's Code), specifically provided for the counties
having two judicial districts, and that therefore section
2206, Code of 1906 (section 1891, Hemingway's Code),
had no application whatever to tax collectors' compensa-
tion for collecting taxes.

Section 2196, Code of 1906 (section 1880, Hemingway's
Code), reads as follows:

"Each tax collector shall be allowed, as compensation
for his services, the following fees and commissions, to be
paid by the state, or allowed in settlement with the auditor
of public accounts, viz.:

"(a) Five per centum of the state taxes on the first
sixteen thousand dollars exclusive of privilege and poll
taxes, and one per centum on all sums in excess of sixteen
thousand dollars collected and paid in; provided that in
counties having two judicial districts the tax collector
shall receive two per cent. on all state tax collected over
sixteen thousand dollars.

"(b) Five per centum on all privilege taxes collected
and properly accounted for by him in any year.

134 Miss.—21

"(c) Three per centum on all poll taxes collected and paid over by him to the county treasurer, or city or town treasurer, which shall be determined by the certificate of the county auditor, and of the treasurer who has received the same.

"And the following, to be paid by the county:

"(d) Five per centum on the first ten thousand dollars or less of county taxes, and in counties containing two judicial districts, five per centum in each district on said amount collected and paid over in any one year, including all taxes levied by the county, but excluding the two-dollar state poll taxes; and three per centum on all sums thereof over ten thousand dollars so collected and paid; but an allowance shall not be paid to a tax collector who is in default."

This section was specifically amended by the act of 1922, *supra,* and by such amendment eliminated the provision with reference to counties having two judicial districts, and it must be assumed that the last enactment, being a specific one for compensation and purposely having changed the original act which it amended, was designed to express the legislative wish or purpose in fixing the compensation. As section 2206, Code of 1906 (Hemingway's Code, section 1891), was never intended to apply to tax collectors' compensation, it could not be rightfully assumed that, when the legislature amended the law so as to cut out the extra compensation therein provided for tax collectors in counties having two judicial districts, it intended to bring into play another statute which would allow extra compensation in a greater amount.

This being true it is unnecessary to decide whether section 2206, Code of 1906 (Hemingway's Code, section 1891), was re-enacted by chapter 160, Laws of 1922. But, treating the section for the purpose only of this opinion as being in force, it has no relation to section 2, chapter 160, Laws of 1922. This being true the court below erred in not so holding, and, as the record shows without dis-

pute that one thousand six hundred dollars is the correct amount the judgment should be recovered for on this record, the judgment of the court below will be reversed and judgment entered here for eight hundred dollars in favor of the state and for eight hundred dollars in favor of Jones county, in accordance with the bill of the complainant.

*Reversed and judgment here.*